## THE EXPRESS.

### HEALEY v. THE EXPRESS.

*(Circuit Court of Appeals, Second Circuit. January 18, 1892.)*

COLLISION IN SLIP—STEAM-BOAT AND CANAL-BOAT—INTRUDING BOAT.
A steam-boat moved out of her regular slip in a careful and proper manner, after due notice to two canal-boats, intruders in the slip, of her intention, and after providing a steam-tug as a helper. Her side, however, came in contact with one of the intruding boats, which in turn was pressed against libelant's boat, and damaged it. *Held*, that the steamer was not liable for the collision.

In Admiralty.

Appeal from a decree of the circuit court of the United States for the southern district of New York. The district court for said district dismissed the libel, and libelant appealed to the circuit court, which affirmed *pro forma* the decree of the district court, and libelant appealed to this court. By the regulations of the New York city dock department, only seven canal-boats may dock in the slip at the foot of Rutgers street, East river. The slip is the regular berth of the steam-boat Express. Libelant's canal-boat was one of seven lawfully in the slip, when two more canal-boats came in and moored outside of her. The space left for the Express to navigate in was very narrow. She seasonably notified the outside boats of her intention to leave the slip, and ordered them to move away, which they did not do. She also had a tug to assist her in moving. She moved out nearly in a straight line, but her starboard side came in contact with the outside canal-boat, and libelant's boat was squeezed between the outside boats and a shorter boat lying inside of her, and received injuries for which this suit was brought.

*Hyland & Zabriskie*, for appellant.
*Wing, Shoudy & Putnam*, for appellee.

PER CURIAM. We are unable to find the Express in fault for this collision. She notified the boats, whose presence in the slip caused all the trouble, to move before she left her berth, and was under no obligation to furnish them with the means to obey the orders of the dockmaster, to like effect, given them earlier in the day. She was properly berthed at her pier, had the right to leave it, and was entitled to

the use of water sufficient for such maneuver. The space in which she was compelled to navigate was greatly reduced by the presence in the slip of more boats than the regulations of the dock-master permitted, but the space was still sufficient to warrant a reasonable expectation that she could draw out without doing any greater damage than would result from the ordinary contact of boats when moving in crowded slips. She exercised due care in leaving, did not move rashly, notified the intruding boats to withdraw, and provided a steam-tug, by whose assistance she might counteract the danger to be apprehended from the tide pressing her against the pier, and thus swinging her stern out against them. So far as the evidence shows, she moved out carefully, and nearly in a straight line, although, as her greatest breadth of beam drew towards the outer end of the pier, she did come in contact with the outermost boat, pressing it with considerable force against its neighbor. Even then it is not likely that the libelant's boat would have been damaged had it not been that she was berthed against a boat so much shorter than herself that the pressure she received from the other boats was not evenly distributed. Were this a controversy between the Express and the intruding boats, the latter would be held solely in fault; their wrongful act, which unnecessarily and unlawfully embarrassed the Express when leaving her slip, being the immediate and proximate cause of the collision. The mere fact that the libelant's boat was not herself in fault does not change the situation; her remedy for the injuries from collision with the other canal-boats is against them, not against the Express.

Decree appealed from is affirmed, with disbursements of the circuit court and the costs of this court.